# Exhibit A:

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF Spartanburg | ) | |
| Jeffrey Lee Johnson, Plaintiff(s) | ) | CIVIL ACTION COVERSHEET <br> 2009 - CP - 42 - _1421_ |
| vs. | ) | |
| Yellow Freight\USF Holland Trucking Co.,, Defendant(s) | ) | |

(Please Print)
Submitted By: Albert V. Smith
Address: 410 Magnolia Street, PO Box 5866
Spartanburg, SC 29304

SC Bar #: 5162
Telephone #: 864-585-8174
Fax #: 864-573-6843
Other:
E-mail:

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | Survival Action | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☒ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Other (399) | ☐ Building Code Violation (460) |
| | | | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Other (699) | | |

Submitting Party Signature: _Albert V Smith_    Date: Novemb 24, 2009

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (5/04)    Page 1 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF SPARTANBURG ) <br> ) <br> Jeffrey Lee Johnson, ) <br> ) <br> Plaintiff, ) <br> -vs- ) <br> ) <br> Yellow Freight\USF Holland ) <br> Trucking Co., ) <br> ) <br> Defendant. ) <br> _____ ) | IN THE COURT OF COMMON PLEAS <br> (Jury Trial Requested) <br><br> **SUMMONS** <br><br> C.A.#: 09-CP-42- 6421 |

**TO THE DEFENDANTS ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiff or his/her attorney at Post Office Box 5866, 410 Magnolia Street, Spartanburg, South Carolina 29304, within thirty (30) days after the date of service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

ALBERT V. SMITH, P.A.

Albert V. Smith
Attorney for Plaintiff
410 Magnolia Street
P.O. Box 5866
Spartanburg, SC 29304
(864)585-8174

November ___, 2009

Spartanburg, South Carolina

| STATE OF SOUTH CAROLINA | ) | |
|---|---|---|
| | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | ) | (JURY TRIAL REQUESTED) |

Jeffrey Lee Johnson            )
                                            )  COMPLAINT

      Plaintiff,      )  Personal Injury/
                                            )  Damages

vs.               )  C.A. NO.:09-CP-42-__6421__

Yellow Freight\USF Holland Trucking Co., )

      Defendant.     )

The Plaintiff alleges:

1. That he is a citizen and resident of Spartanburg County, South Carolina and was so at all times hereinafter mentioned.

2. That upon information and belief, Yellow freight\USF Holland Trucking Company is incorporated pursuant to the laws of one of the fifty states of the union and does business in Spartanburg County, South Carolina and was so doing at all times herein after mentioned.

3. That on or about August 21, 2008, the Plaintiff was working as a dock worker at a dock being leased by his employer EMCON Technologies Spartanburg, Inc, at the old Community Cash warehouse located on Blackstock road, just north of West Main Street, Spartanburg, SC, when a driver for the Defendant. Acting within the course and scope of his employment backed up to the dock and unloaded his cargo into a certain dock while being assisted the Plaintiff herein who at the end of an unloading and loading process, was to make sure that the lift/dock plate was

properly removed from the truck, and once this was done, the truck would pull forward, and it was the duty of the Plaintiff to then lower the door of the trailer of the truck being driven by the Defendant's employee, and once this was done, the truck would continue to move forward away from the loading dock.

4. However, on this date, for reasons known only to the driver, he pulled the truck trailer forward to give the Plaintiff time to perform the duties at the rear of the trailer, and once he made a stop, for reasons known only to the driver, he backed up pinning the Plaintiff between the trailer and the loading dock lift plate thereby causing him great injuries.

5. That as a direct and proximate cause and result of the Defendant's servant's negligence, the Plaintiff suffered bodily injuries that will require medical attention presently and into the future, will require the Plaintiff to suffer the in gestation of powerful and potent medication, to under go mental suffering and society, to under go physical pain and suffering, to under go surgical procedures, to suffer bodily impairments, to lose the enjoyment of life, in having to spend money for medical treatment and powerful medications, and to lose money by way of wages and earnings.

6. That the Defendant was negligent, willful, wanton, careless, grossly negliegent, and reckless in the following particulars, to wit:

    a. In failing to train its drivers in the proper technique of loading and unloading cargo;
    b. In failing to train its drivers in the proper technique of puling away form the dock;
    c. In failing to check and make sure its drivers are properly licensed;

2

    d.    In failing to check to make sure its drivers are healthy enough to be drivers;
    e.    In failing to check to see if its drivers visually are capable of driving and maintaing a CDL linscense;
    f.    In failing to maintain a proper lookout;
    g.    In failing to use proper safety techniques when loading or unloading a truck trailer; and
    h.    In failing to warn Plaintiff of the impeding peril;
    i.    In failing to apply his brakes if any he had;
    j.    In failing to sound its horn;
    k.    All of which were the direct and proximate cause of the damages suffered herein.

7.    That as a direct, the Plaintiff duly believes that he is entitled to actual and punitive damages in an amount to be determined by the court against the Defendant for the Defendant's servant's negligence in the course nod scope of his employment.

**WHEREFORE**, the Plaintiff prays:

    a.    That he be granted actual and punitive damages in an amount to be determined by the Court;

    b.    That he be granted the costs of this action;

    c.    And that he be granted for such other and further relief as this Court may deem just and proper.

ALBERT V. SMITH, P.A.

_____
Albert V. Smith

3

Attorney for Plaintiff
P.O. Box 5866
Spartanburg, SC 29304
864-585-8174

Spartanburg, South Carolina
November 5, 2009

FILED
CLERK OF COURT
2009 NOV 24 PM 4:20
MARC KITCHENS

4